UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4482 PA (PLAx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | Michael Kaye v. Continental Casualty Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - ORDER

Before the Court is a Notice of Removal filed by defendant Continental Casualty Company ("Defendant") on June 20, 2013. Defendant alleges that this Court has jurisdiction on the basis of diversity, 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. While the Notice of Removal satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332, the Court finds that neither the Complaint nor Notice of Removal establish that it is more likely than not that the amount in controversy will exceed $75,000.

Here, the Complaint does not specify a particular amount of damages, and in such "cases . . . , the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th. Cir. 1996). The Notice of Removal merely states, with no supporting allegations, calculations, or even citation to the Complaint, that "Plaintiff is seeking more that $75,000 under a long-term care insurance policy for alleged services provided to Alvin Kaye, along with other damages and fees." (Notice of Removal ¶ 8.) With no supporting allegations, Defendant's statement is conclusory and insufficient to establish that the amount in controversy requirement is met.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 13-4482 PA (PLAx) | Date | August 16, 2013 |
|---|---|---|---|

| Title | Michael Kaye v. Continental Casualty Co. |
|---|---|

      In light of the foregoing, the Court finds that Defendant has failed to meet its burden to establish by a preponderance of the evidence this Court's subject matter jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC509086.  See 28 U.S.C. § 1447(c).  The scheduling conference scheduled for August 19, 2013 is vacated.

      IT IS SO ORDERED.